UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALICIA BROWN, Individually
and on Behalf of All Others
Similarly Situated Who Consent to Their
Inclusion in a Collective Action;

    Plaintiff,

v.

NEXUS BUSINESS SOLUTIONS, LLC,

    Defendant.
_____/

CASE NO.:

COLLECTIVE ACTION
REPRESENTATION

# FLSA COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **ALICIA BROWN,** individually (collectively referred to herein as "Plaintiff"), and on behalf of all others similarly situated, who consent to their inclusion in this collective action (hereinafter the "Putative Class"), sues the above captioned Defendant, **NEXUS BUSINESS SOLUTIONS, LLC.**, individually and on behalf of all others similarly situated pursuant to *29 U.S.C. 216(b)*, the Fair Labor Standards Act (the "FLSA"), for failing to pay Plaintiff and the Putative Class overtime wages and in support thereof, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over claims under the FLSA pursuant to 29 U.S.C. §216 (b), which states, in relevant part, "[a]n action to recover… may be maintained … in any Federal or State court of competent jurisdiction."

2. This Court has personal jurisdiction over this action, because Defendant is engaged in business throughout the state of Georgia and operates substantial business in Fulton County,

Georgia through is regional office located at 11700 Great Oaks Way, Alpharetta, Georgia 30022. Additionally, the damages at issue occurred in Fulton County, Georgia.

3. Venue is proper to this Court pursuant to 29 U.S.C. § 216(b), because the acts complained of herein took place in Fulton County at Defendant's place of business located at 11700 Great Oaks Way, Alpharetta, Georgia 30022.

## THE PARTIES

4. Defendant, NEXUS BUSINESS SOLUTIONS, LLC (hereinafter "NEXUS"), is a Georgia For Profit Corporation with its principle place of business at 100 West Big Beaver Road, Suite #200, Troy, MI 48084.

5. Nexus's registered agent for service of process in the State of Georgia is: Northwest Registered Agent Service, Inc., 300 Colonial Center Parkway, Suite #100N, Fulton, Roswell, GA 30076.

6. Nexus is an employer subject to the FLSA.

## REPRESENTATIVE PLAINTIFF

7. At all times relevant to this action, Representative Plaintiff, Alicia Brown (hereinafter "Plaintiff" or "Brown"), resided in Lawrenceville, Georgia.

8. At all times relevant to this action, Brown was employed by Nexus.

9. Plaintiff was employed by Defendant from approximately October 2014 until February 10th 2017 as a "Business Development Manager."

10. Plaintiff, and all other members of the proposed collective action, were or are employees of Nexus within the meaning of 29 U.S.C §203(e)(1).

11. Plaintiff was improperly classified (aka "misclassified") by Defendant as an exempt employee. However, Plaintiff's work duties and responsibilities dictate that she should have been classified and compensated as a non-exempt employee under the FLSA.

12. Throughout the course of her employment by Nexus, Plaintiff was always denied overtime compensation even though she worked upwards of 20 hours of overtime routinely.

13. For purposes of the Class, Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b).

## **REPRESENTATIVE PLAINTIFF, ALICIA BROWN**

14. At all times relevant to this action, Representative Plaintiff, Alicia Brown worked from her home in Lawrenceville, Georgia and reported to the Defendant's Alpharetta office located in Fulton County, Georgia.

15. At all times relevant to this action, Plaintiff was employed by Nexus.

16. Plaintiff was employed by Defendant from approximately April 15, of 2015 until February 10, 2017 as a "Business Development Manager" (hereinafter "BDM" both singularly and plural for all BDM'S).

17. Plaintiff, and all other members of the putative class of similarly situated, were or are now still, employees of Nexus within the meaning of 29 U.S.C §203(e)(1).

18. Plaintiff was improperly classified by Nexus as an exempt employee, as Plaintiff's actual work duties and responsibilities dictate that she should have been classified and compensated as a non-exempt employee under the FLSA.

19. Throughout the course of her employment by Nexus, Plaintiff was always denied overtime compensation even though she routinely worked every week, and such overtime was expected by Defendant of Plaintiff and all other Business Development Managers.

20. For purposes of the Class, Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b).

## SUMMARY OF CLASS

21. The class is brought as a collective action to recover from Nexus overtime compensation, liquidated damages, and the costs of reasonable attorney's fees under 29 U.S.C. §216(b), on behalf of the Plaintiff and similarly situated persons composed of:

> a. All persons employed by NEXUS under the title of Business Development Manager, or any other title used to describe the same position, in the **three (3)** years preceding the filing of this lawsuit, or who are currently employed in this capacity, and who elect to opt-in to this action pursuant to FLSA, 29 U.S.C. §216.

22. In the course of her employment with Nexus during the material time, Plaintiff, and other employees in the Putative Class, regularly worked in excess of forty (40) hours per work week and were not paid overtime compensation at the lawful overtime rate for all of the overtime hours worked, based on Defendant's custom and practice of misclassifying employees as exempt employees.

23. Plaintiff alleges on behalf of herself and the Putative Class that they are entitled to be paid a premium for all overtime hours worked for which they did not receive overtime compensation, as required by the FLSA.

## GENERAL ALLEGATIONS

24. Nexus had a common pay practice and policy of denying its "Business Development Managers" overtime pay for hours worked in excess of forty (40) hours per work week, applicable such employees in all states employed.

25. At all material times, Nexus required its "BDM" to work in excess of forty (40) hours a week, misclassifying the Class as exempt employees on a uniform basis, without regard to any individualized analysis of the work performed.

26. Upon information and belief, for the three-year period of time before this filing, (the "Class Period"), the continued violations of the FLSA §207 that are complained of herein have been practiced and imposed upon all "BDM", and all have regularly worked in excess of forty hours per week.

27. Plaintiff and the Putative Class are not considered exempt because "[a] job title alone is insufficient to establish the exempt status of any particular employee … [but rather] [t]he exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." 29 C.F.R. § 541.2.

## GENERAL ALLEGATIONS AS TO WHETHER "BDM" WERE EXEMPT

28. Plaintiff and other similarly situated members of the Putative Class, were titled as "BDM". Plaintiff, and all other similarly situated members of the Putative Class of "BDM", were not given any real discretion to make any independent decisions related to binding the company, signing contracts, or creating policies or procedures.

29. The Defendant will likely argue to no avail that the Plaintiff and members of the Putative Class of "BDM" are exempt under the administrative, executive, and outside sales rep exemptions.

30. However, under the FLSA, an executive employee is defined as an employee "who has the authority to hire or fire other employees or whose suggestion and recommendations as to

the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight." 29 C.F.R. §541.100(a).

31. Plaintiff, and similarly situated "BDM" do not qualify for the executive exemption because they did not have the authority to hire or fire other employees, and fail the short test as they did not supervise two or more full time employees or the equivalent.

32. Under the FLSA, an administrative employee is defined as an employee who has "discretion and independent judgment with respect to matters of significance." 29 C.F.R.§541.200. In order to possess such discretion the employee must have the authority to make "independent choice[s], free from immediate direction or supervision…even if their decisions or recommendations are reviewed at a higher level." 29 C.F.R. §541.202(c).

33. Plaintiff and similarly situated "BDR" do not qualify for the administrative exemption because they were not allowed to hire, fire, train, mentor, or discipline any employees, and their primary job duty did not involve the exercise and discretion of independent judgment in matters of significance, and alternatively they were involved in "production".

34. Further, BDR's are not "managers" within the meanings and factors of the FLSA and related CFR regulations, as they did not manage other employees, departments, or any divisions.

35. BDRs work as marketers, and promote GM cars, but employees engaged in marketing and promotion, and Plaintiff and all other BDM did not create marketing campaigns for the company. While everyone including a grocery bagger has some level of discretion on how to carry out their day to day job duties, people are not robots and Plaintiff and all BDM had some limited ability to decide how to run their day.

36. A large percentage of appointments and meetings, and marketing events were set up by the company and the dealers, and Plaintiff attended to promote the GM vehicles.

37. BDM are not outside sales representatives, as their primary job duty was not to make sales as set forth in CFR Section 541.500; their primary job duty was promotion of General Motors cars and vehicles, and serving as a liaison between the prospective customer and GM.

38. Accordingly, Plaintiff and members of the Class of "BDM" are not exempt from the requirements of overtime, minimum wage, or FLSA.

39. Plaintiff alleges on behalf of herself and the Class of "BDM" that Nexus's failure to pay overtime compensation was knowing and willful. Accordingly, Plaintiff and the Class are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages and attorneys' fees under the FLSA's three year statute of limitations.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

40. Plaintiff brings this action on behalf of the Class as a collective action pursuant to the Fair Labor Standards Act § 216(b).

41. The members of the Putative Class are so numerous that joinder of all members is impracticable. The exact number of the members of the Class is unknown to the Plaintiff at this time, and can only be ascertained through appropriate discovery.

42. Upon information and belief there are approximately fifty-six (56) BDMs, and given turnover in the past three years, the estimated putative class is approximately one hundred and fifty (150) persons.

43. Plaintiff will fairly and adequately protect the interests of the Putative Class and have retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the Putative Class.

44. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

> **All persons, who are presently employed, or who were previously employed as Business Development Managers, or under any other title used to describe this same position by NEXUS in the three years preceding this lawsuit and who consent to inclusion in this collective action.**

45. Notice of the pendency and any resolution of this action should be provided to Putative Class Members by email, U.S. Mail, and by web publication.

46. All sales were obtained by GM dealers or other Fleet vehicle companies, and not the BDR.

47. Plaintiff's meetings with potential customers or purchasers of GM vehicles were generally attended by other GM dealership representatives and sales reps, or other Fleet vehicle companies, who took orders and handled the orders.

48. Many of the appointments Plaintiff attended were set by the GM dealers and other fleet vehicle businesses.

49. Plaintiff and the similarly situated BDM, did not "obtain commitments" for vehicle purchases, and that was not her job. Commitments for vehicle purchases were obtained by the GM dealer employees/agents or other fleet vehicle companies.

50. Throughout Plaintiff's employment, Defendant did not track and record the work hours of BDM.

### COUNT I – OVERTIME WAGES DUE UNDER THE FLSA

51. The Plaintiff readopts and re-alleges the allegations set forth in paragraphs one (1) through fifty (50) as if fully set forth herein, and further alleges:

52. Plaintiff brings this FLSA claim on behalf of herself and all other similarly Nexus situated comprised of all current and/or former employees of BDM who work or have worked for as BDM, or other titles used by Nexus to describe the same position, at any time in the three (3) years preceding this filing.

53. At all relevant times, Nexus has been and continues to be an employer engaged in commerce and/or the productions of goods for commerce within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Nexus employed Plaintiff and the Putative Class within the meaning of the FLSA.

55. At all relevant times, Plaintiff and the Putative Class regularly worked overtime, with the behest, encouragement, knowledge and expectations of Defendant.

56. As stated herein, Nexus has a common policy and practice of refusing to pay overtime compensation for employees in the BDR position for the hours worked in excess of forty (40) hours per work week, regardless of the actual job duties performed or any individualized variances by each employee.

57. Nexus failed to compensate Plaintiff and the Putative Class for overtime hours they regularly worked without explanation of the reasons or the exemption claimed to be applicable.

58. Nexus's failure to pay Plaintiff and the Putative Class overtime compensation or any premium for overtime hours, at a rate not less than one and one-half times their regular rates of pay (or any other premium) for work performed beyond the forty (40) hour work week, was, and remains a willful violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

59. Nexus has not made a good faith effort to comply with the FLSA and the overtime compensation requirements with respect to Plaintiff and the Putative Class. Nexus's violations of

the FLSA are willful and deliberate, and upon intended to save the Defendant millions of dollars in labor costs at the expense of the BDM.

60. Upon information and belief, Nexus never verified, investigated or obtained any legal opinion as to the application of any exemptions under the FLSA for the BDR position; or alternatively, despite knowledge of questions or challenges to the exemption classification, continued to classify the position as exempt.

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62. The primary job duties and responsibilities for the BDM position do not meet or satisfy the elements of any exemption under the FLSA, as the primary job duty of the BDM position was marketing, promotion, and being a liaison with GM.

63. All sales were made by General Motors dealerships or other Fleet companies, who negotiated the sales prices and all the terms and conditions of the sales.

64. BDM would develop leads for car dealerships and other fleet businesses, but developing leads or lead generation does not satisfy the outside sales exemption.

65. Due to Nexus's FLSA violations, Plaintiff and the Putative Class have suffered damages and are entitled to recover from Nexus the unpaid overtime compensation, and an additional amount equal as liquidated damages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

66. Plaintiff and the class of similarly situated should be paid time and one half their regular rates of pay for all overtime hours.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for:

a. A ruling that Nexus has violated the FLSA and that the BDR position is non-exempt;

b. An order conditionally designating this action as a collective action and approving the issuance of supervised notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to file consents to joint this action to §216(b);

c. An order appointing Plaintiff and their counsel to represent the Putative Class;

d. An order enjoining Nexus from any further violations of the FLSA;

e. pre-judgment interest;

f. An order awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

i. That the Court finds Nexus has willfully, and with a lack of good faith violated the overtime provisions of the FLSA;

j. That the Court and apply a three (3) year statute of limitations;

k. That the Court enjoin Defendant, pursuant to 29 U.S.C. § 217, from withholding future payment of compensation owed to members of the Putative Class;

l. That the Court award Plaintiff and members of the Putative Class overtime compensation for all the previous hours worked over forty (40) hours in any work week, during the past three years; liquidated damages of an equal amount of the overtime compensation pursuant to § 216 of the FLSA;

m. That the Court award Plaintiff a collective action representative service fee for her efforts and time dedicated to bringing justice through this action; AND

n.  That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 10th day of May, 2017.

*/s/ Mitchell L. Feldman, Esq.*
MITCHELL L. FELDMAN, ESQUIRE
Georgia Bar No.: 257791
MITCHELL L. FELDMAN, ESQ., P.A.
1201 Peachtree Street, NE
400 Colony Square, #200
Atlanta, GA 30361
Tele: (877) 946-8293
Fax: (813) 639-9376
Email: mlf@feldmanlegal.us
Attorneys for the Representative Plaintiff, and the Putative Class