UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALICIA BROWN, *Individually, and on Behalf of All Others Similarly Situated who consent to their inclusion in a collective action*,

    Plaintiff,

v.

NEXUS BUSINESS SOLUTIONS, LLC.,

    Defendant.
_____/

CIVIL ACTION
NO.: 1:17-cv-01679-ELR

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE DEFENDANT'S USE OF HALF TIME 29 CFR § 778.114, OR USE OF FLUCTUATING WORKWEEK METHOD (FWW) TO DETERMINE DAMAGES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ALICIA BROWN, individually and on behalf of all Plaintiffs who have elected to opt in and join this action, by and through her undersigned counsel, hereby seeks an Order of the Court precluding the Defendant from introducing evidence for establishing that the appropriate method to calculate damages is the Fluctuating Workweek method and states as follows:

    1.    On May 15, 2017, Plaintiff, Alicia Brown ("Plaintiff"), filed her

collective action complaint against Defendant, Nexus Business Solutions ("Defendant" or "Nexus"), alleging that Defendant willfully misclassified its "BUSINESS DEVELOPMENT MANAGERS" (hereinafter "BDM") as exempt employees and failed to pay them overtime compensation for the hours that they worked over forty (40) in a workweek in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA") [DE #1].

2. Plaintiff BROWN is joined by twenty-one (21) former BDM ("Opt-In Plaintiffs") who worked in various geographic regions across the United States: Georgia, New York, California, Texas, and Michigan.

3. The twenty-two (22) Plaintiffs trained and/or worked in at least twenty-one (21) states throughout the country – AZ, IA, PA, IN, NY, FL, OH, KS, IL, GA, NE, TN, NJ, MD, SC, TX, MN, NC, MI, VA, and NH.

4. During their employment, the Plaintiff and Opt-In Plaintiffs were uniformly classified as exempt from overtime wages and not paid an overtime premium for hours worked in excess of forty (40) each week, which is undisputed by Defendant's answer which is that all were exempt.

5. Plaintiff alleges that the BDMs were misclassified as exempt employees because, among other reasons, their primary job duty was to promote the General Motors ("GM") brand, and to develop business leads for independently

owned GM brand dealerships and its sales staff, who then would attempt to sell vehicles to and negotiate to sell their own vehicles, which is their own property, not the property of either the Defendant nor General Motors Corp, who Nexus had a contract to perform services for of staffing the BDR position, and the supervisors of the BDR, the Area Sales Managers (ASM).  Nexus was not in privity of contract with any of the individually owned dealerships and corporations who owned and operated these independently owned dealerships.

6.      Plaintiffs were at all times performing Promotional Work as per 29 CFR § 541.503.  Promotion work is by definition, NOT exempt outside sales work.

7.      The Fair Labor Standards Act (FLSA) establishes the default rule that employees are to be paid at a rate of one and one-half (1.5) times their "regular rate" for hours worked in excess of forty (40) in one week. 29 U.S.C.S. §207(a)(1).  Many state wage laws follow this principle, and reject the alternative method of half time wholly, and many Circuits reject using the half time alternative method in misclassification cases, because doing so is a financial reward for a defendant to willfully violate the FLSA and creates an incentive to NEVER pay any employee time and one half (1.5) or classify them as non-exempt employees.  If they get caught violating the law and misclassifying employees, such employers should not be REWARDED with the use of the half time rates.

8. All BDMs were paid on a common compensation plan of a flat salary and a bonus which was based upon the number of vehicles "delivered" which the Plaintiffs can report occurred to businesses of vehicles sold by the dealerships to the customers they provided the business lead to.

9. While the FLSA provides that the method of calculating the Plaintiffs' and putative class members' overtime damages should be calculated at a rate of one and one-half (1.5) their regular rate of pay, Plaintiffs anticipate that Defendant will argue that the formula that should govern the calculation of damages is the Fluctuating Workweek Method ("FWW") set forth at 29 C.F.R. §778.114 (1998, rev. 2020 "Fluctuating Workweek Method of Computing Overtime").

10. Although the Eleventh Circuit has never directly addressed the issue, numerous district courts have held that the Fluctuating Workweek Method ("FWW") does not, or should not, apply retroactively in misclassification cases, including recently the District of Alabama. See *Ziegler v. Tower Cmtys., LLC*, No. 2:13-CV-872-KOB, 2015 U.S. Dist. LEXIS 32484, (N.D. Ala. Mar. 17, 2015). *See also*: *Costello v. Home Depot USA, Inc.* 2013, U.S. Dist. LEXIS 71196 (D. Conn. May 13, 2013); *Monahan v. Emerald Performance Materials, LLC*, 705 F. Supp. 2d 1206 (W.D. Wash. 2010); *Mian v. GPM Onvs., LLC*, 896 F. Supp. 2d 145 (D. Conn. 2012); *Perkins v. S. New England Telephone Co.*, 2011 U.S. Dist. LEXIS

109882 (D. Conn. Sept. 27, 2011*); Russell v. Wells Fargo and Co.*, 672 F. Supp. 2d 1008 (N.D. Cal. Nov. 17, 2009); *Scott v. OTS, Inc.*, 2006 U.S. Dist. LEXIS 15014 (N.D. Ga. Mar. 31, 2006) (since the employer did not pay contemporaneous overtime the FWW cannot apply).

11.     Just as the District Court in *Hasan v. GPM Invs., LLC,* granted Plaintiff's Motion in Limine to exclude the use of the half time, FWW for calculation of damages in a misclassification case, this Court should follow the same logic and holding which is highly persuasive.  896 F. Supp. 2d 145, 147 (D. Conn. 2012).  "This variance, between weeks with a moderate amount of overtime hours, and weeks where a majority of hours worked exceeded the 40 hour threshold, is not the same as the up and down **fluctuation** contemplated by the DOL and by the Court in *Missel*[1]." *Id* at 150. (emphasis added).

## MEMORANDUM OF LAW
### I. Plaintiffs' Damages Should Be Calculated At A Rate Of One And One-Half Times Their Regular Rate Of Pay Because The FWW Cannot Apply

We begin with the well-known proposition that the provisions of the FLSA are to be liberally construed in favor of an employee. *See Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207 (1959). The FLSA provides that a non-exempt

---

[1] The FLSA was intended to tackle the twin evils of "overwork" and "underpay." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942).

employee is to be paid at no less than one and one-half (1.5) times the regular hourly rate for hours worked in excess of forty (40) per week. *29 U.S.C. § 207(a)*. Generally speaking, the FWW is designed for situations in which an employee's hours fluctuate from week to week and in which that employee receives a salary that is intended to compensate her "as straight time pay for whatever hours she is called upon to work in a workweek, whether few or many." 29 C.F.R. §778.114(a). The applicability of the FWW is governed by the Department of Labor ("DOL") regulations, which provide:

> Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage for every hour worked in those workweeks in which the number of hours he works is greater, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. *Id.*

It is well settled that this provision breaks down into five discrete criteria: 1) there must be a clear mutual understanding between the parties; 2) the employee's hours must fluctuate from week to week; 3) the employee must receive the same

fixed salary regardless of the number of hours she worked during a particular week; 4) the salary must be sufficient to provide an average hourly compensation of more than the minimum wage; and 5) the employee must receive extra compensation, in addition to such salary, for all overtime hours worked. *See, e.g., Griffen v. Wake County*, 142 F.3d 712, 715 (4th Cir. 1998); *Condo v. Sysco Corp.*, 1 F.3d 599, 602 (7th Cir. 1993). Each of these five criteria must be met in order for the FWW to apply. *See Ayers v. SGS Control Servs.*, 2007 U.S. Dist. LEXIS 19634 (S.D.N.Y. Feb. 26, 2007) ("The fluctuating workweek method may not be employed unless 'five discrete criteria' are satisfied."); *West v. Verizon Servs. Corp.*, 2011 U.S. Dist. LEXIS 5952, 30–31 (M.D. Fla. Jan. 21, 2011) (*citing Davis v. Friendly Express, Inc.*, 61 Fed. App'x 671 (11th Cir. 2003)).

The FWW formula was designed as an alternative method of demonstrating compliance with the FLSA, and was not intended to financially benefit an employer, or be a retroactive remedy for an employer's non-compliance with the FLSA. Use of the FWW is subject to numerous requirements and PREREQUISITES. **The FWW method is not, and was never intended to apply retroactively in a misclassification case**. *See Urnikis-Negro v. American Family Property Services*, 616 F.3d 665, 666 (7th Cir. 2010) (stating that 29 C.F.R. § 778.114 is not a remedial measure that specifies how damages are to be calculated

when a court finds that an employer breached its statutory obligations). As the rule and statute declares, the Employer is required to make contemporaneous payments of the half time for all overtime hours worked. Thus, when an employer fails to avail itself of the elements and requirements of the half time approach, it should not be rewarded for violating the FLSA by being able to seek its application after being called into court over their unlawful pay practices and violations of the FLSA. Moreover, because the regulation was adopted without formal rule-making, it is entitled to less deference. *See Christensen v. Harris Co.*, 529 U.S. 576 (2000). As stated by the Fourth Circuit, "section 778.114 does not represent an 'exception' to the FLSA. It merely provides an alternative means by which an employer can determine its employees' regular and overtime rate of pay." *Flood v. Hanover Cty.* 125 F.3d 249, 252 (4th Cir. 1997). Since paying the fluctuating workweek creates incentives directly opposite to those Congress intended in establishing the FLSA's overtime requirement – financial incentives to reduce overtime hours and spread employment- courts have consistently held that the requirements of § 778.114 are independent prerequisites to the application of the FWW. See *Condo v. Sysco Corp.*, 1 F. 3d 599, 601–02 (7th Cir. Ill. 1993); see also *Davis v. Friendly Exp., Inc.*, No. 02-14111, 2003 WL 21488682, at *1 (11th Cir. 2003); *Griffen v. Wake Cty.*, 142 F.3d 712, 715 (4th Cir. 1998); *Stokes v. Norwich Tax, LLC*, 289 Conn.

465, 958 A. 2d 1195 (Conn. 2008). Likewise, because they protect the FLSA's remedial policies, the prerequisites to using the FWW must be narrowly construed.

**II. Half-Time Or Half-Time Damages Assessed In A Misclassification Case Should Be Prohibited.**

The requirements of § 778.114 can never be satisfied in a misclassification case because: (1) there were never any contemporaneous payments of overtime premiums, and (2) there clearly was no clear mutual understanding. *Snodgrass v. Bob Evans Farms, LLC*, 2015 U.S. Dist. LEXIS 33621 (S.D. Ohio, Mar. 18, 2015). As such, retroactively applying the FWW in a misclassification case is not permitted, unfair, and if applied results in an inequitable result. The reasoning is obvious and twofold. As discussed above, one of the hallmarks of the FWW is a clear and mutual understanding between the employer and employee that they will operate under this type of arrangement. You simply cannot have a clear and mutual understanding between employees and employer when the employer is not in fact operating under the FWW, and following the requirements. Hence, if the employer has never agreed to treat the employee as non-exempt and never pay a premium for overtime, how can there ever be a mutual understanding that the employee would be paid a half time premium for overtime, or any premium when the employer classified the employees as exempt?

Second, the regulations plainly envision the employee's *contemporaneous* receipt of a premium apart from his fixed wage. This cannot happen in a misclassification case, and it did not happen here as all the Plaintiffs were paid a salary and classified as exempt from overtime pay. See *Russell v. Wells Fargo & Co.*, 672 F.Supp. 2d 1008, 1013 (N.D. Cal. 2009); see also *Ayers v. SGS Control Servs., Inc.*, 2007 U.S. Dist. LEXIS 19634 at *40–42 (S.D.N.Y. Feb. 27, 2007); *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 100–02 (D.D.C. 1998) (finding that, as a matter of law, the employer cannot prove a clear and mutual understanding or contemporaneous payment of overtime premiums in a misclassification case); *Urnikis-Negro v. American Family Property Services*, 616 F.3d 665, 678 (7th Cir. 2010) (besides looking forward rather than backward, the interpretive rule plainly envisions the employee's contemporaneous receipt of a premium apart from his fixed wage for any overtime work he has performed."); 29 C.F.R. § 778.114. As noted by Judge Hall in *Perkins v. Southern New Eng. Tel. Co.*, "Because the employer in a misclassification case has necessarily not made any contemporaneous payment of overtime premiums, these courts find that section 778.114 is inapplicable in a misclassification case. In addition, courts have found that assessing damages according to section 778.114 may actually frustrate the purposes of the FLSA." 2011 U.S. Dist. LEXIS 109882 at *11–12 (D. Conn.

Sept. 27, 2011). See *In re Texas EZPawn Fair Labor Standards Act Litig.*, 633 F. Supp. 2d 395, 404–05 (W.D. Tex. 2008) (using a hypothetical situation to demonstrate that the FWW method may result in overtime compensation that is 375% lower than the traditional method, and asserting that using the FWW method to calculate damages in a misclassification case allows employers to 'escape the time and one-half requirement of the FLSA'.)

Further, it is well-settled law that an employee cannot waive or contract away their FLSA rights, nor can an employer contract with an employee to avoid its obligations to pay a premium for overtime hours worked. *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 740, 101 S. Ct. 1437, 1445 (1981). Consequently, where employees are found to be misclassified, there is no consent to the FWW as the employees "have unwittingly agreed to forego their entitlement to overtime time—a right which cannot be legally waived." *Zulewski v. Hershey Co.*, No. CV 11-05117-KAW, 2013 U.S. Dist. LEXIS 23448, at *14 (N.D. Cal. Feb. 20, 2013). "The fundamental assumption underpinning the FWW is that it is fair to use it to calculate overtime pay because the employee consented to the payment scheme. But in the context of an FLSA misclassification suit when consent is inferred from the employee's conduct, that conduct will always, by definition, have been based on the false assumption that he was not entitled to

overtime compensation." *Ransom v. M. Patel Enters., Inc.*, 825 F. Supp. 2d 799, 809 n.11 (W.D. Tex. 2011).

Further frustration to the FLSA is found if a court was to assess damages using the FWW method because it provides a perverse incentive to employers to misclassify workers as exempt, while denying employees the benefits of a fluctuating workweek and then attempt to avoid a windfall in damages for an employer who has later been found liable in misclassifying employees under the FLSA by only paying half time. *In re Tex. EZPawn Fair Labor Standards Act Litig.*, 633 F. Supp. 2d 395, 404-05 (W.D. Tex. 2008).  As the Northern District of California said in *Russell v. Wells Fargo & Co.*, "Given the remedial purpose of the FLSA, it would be incongruous to allow employees, who have been illegally deprived of overtime pay, to be shortchanged further by an employer who opts for the discount accommodation intended for a different situation." 2009 U.S. Dist. LEXIS 107044, *1014 (N.D. Cal. Nov. 17, 2009).  The court further stated that "Employers cannot satisfy this requirements [referring to contemporaneous payment of half time], after having been found to violate section 207." *Id.*, citing the Supreme Court in *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739–40 (1981). Even the Supreme Court in *Overnight Motor Transp. Co. v. Missel* rejected the idea that an employer could cure its FLSA violation through a fiction

that it intended to comply with the law from the outset, noting: "Implication cannot mend a contract so deficient in complying with the law." 316 U.S. 572, 581, 62 S. Ct. 1216, 1222 (1942). "When an employer misclassifies an employee, the resultant employment contract will never fulfill any of the requirements of Section 778.114." *Hasan v. GPM Invs., LLC,* 896 F. Supp. 2d 145, 149 (D. Conn. 2012) (granting Plaintiff's Motion in Limine to exclude the use of half time for calculation of damages as a matter of law in the case).

### III. THERE WAS NO MEETING OF THE MINDS OR AGREEMENT THAT THE SALARY WAS INTENDED TO COMPENSATE FOR ALL HOURS: THE SALARY WAS INTENDED TO COVER ONLY 40 HOURS

Defendant's Director of North America Operations, and officer, Colleen Tatro testified that the position was never intended to require more than 40 hours of work.  Deposition of Colleen Tatro, P. 84, lines 4-9.   NEXUS Disputes that any BDM would be required to or actually work more than 40 hours.  Therefore, NEXUS intended that the salary would only be to compensate for 40 hours!  Not all hours worked.   Deposition of Tatro p 164  lines 9-16. *See* 30(b)(6) Deposition of Elton Nikaj, "their  job responsibilities and requirements can easily be performed under a 40-hour work week." P. 49, Lines 3-5; "They could easily perform under the 40-hours work week." P. 49, Line 18. *See* Deposition of Elton Nikaj, "our employment agreements and our guidance to BDMs is to be

operational and available between the hours of 8 to 5, 40 hours a workweek." P. 64, Lines 13-15; "We expect them to work a 40-hour week." P. 65, Lines 15-16; "Well, a BDM could achieve their goals and more, reasonably, within 40 hours a week, yes." P. 123, Lines 14-15; "So at the end of the day, on a weekly basis, the BDM function can be performed very reasonably under 40 hours, well under 40. I think I've probably given you enough mathematical reason to think that it's not even past 20. So we didn't design this job to go past that." P. 128, Lines 21 to P. 129, Line 1. A copy of the relevant Deposition pages are attached hereto as Exhibit 1.

As stated by Alex Rodo in his declaration: "I was led to believe by management when hired that since I was a salaried employee, I was exempt from overtime pay" and "When I was hired, I was not made aware of the total hours and time commitment the job would command. Had I known I was eligible for overtime pay, I would have requested it at the time of hire. The salary was presented as a non- negotiable sum." See Declaration of Rodo at DE 27-7 at ¶¶ 24, 25. Similarly, Plaintiffs Brown, Bass, Calderon, Mucci, Munsell, and Wilson have made the same statement here. See Declarations of Brown at DE 27-2 at ¶¶ 29, 30; Bass at DE 27-1 at ¶¶ 24, 25; Calderon at DE 27-3 at ¶¶ 21, 22; Mucci at 27-5 at ¶¶ 25, 26; Munsell at De 27-6 at ¶¶ at 26, 27; and Wilson at DE 27-8 at ¶¶ 23, 24.

From the Plaintiffs declarations and the deposition testimony of Nikaj and Tatro, key executives of Nexus, it is clear that the Plaintiffs accepted what was given to them, and relied upon Defendant's representations that they were exempt from overtime wages. Had Plaintiffs been informed that they were entitled to be paid a premium for overtime hours worked, they would all have required it to work for the Defendant. Moreover, Defendant cannot contract or negotiate around their obligations under the FLSA to pay non-exempt employees a premium for all hours worked more than 40 in each and every work week. This is black letter law. Plaintiffs relied upon false statements, and thus not only was there no meeting of the minds or agreement, but there cannot be when the offer of compensation was based upon misleading and false statements that they were exempt from overtime, which Plaintiffs relied upon to their detriment.

**IV. MANY OF THE BDMs WORKED IN CIRCUITS AND IN STATES THAT REJECT THE USE OF HALF TIME FOR OVERTIME HOURS WORKED, AND IT IS INEQUITABLE AND UNFAIR TO SUBJECT ALL PLAINTIFFS TO THE HALF TIME APPLICATION**

This court has discretion to decide this issue, and should apply equitable principles outlined in the cases above. It is inherently unfair for this Defendant to be rewarded for its unlawful pay practices by permitting the retro-application of the

halftime alternative method for calculating overtime wages simply because the Defendant was conveniently headquartered in the 11th Circuit and the lead/named Plaintiff worked in the 11th circuit, whereas many of the Plaintiffs worked in Circuits and in states that flatly reject the use of half time.  This Court should use its equitable and discretionary power to reject using the half time calculation for overtime wages.  It would be inherently unfair simply by circumstance of venue here that Plaintiffs who worked in other Circuits or states that preclude the use of half time or mandate time and one half for overtime rates.  At a minimum, such Plaintiffs should potentially individually be awarded time and one half their regular rates of pay.  However, the court here has discretion and is clearly justified by the decisions cited herein, including cases in this district and Circuit to reject the retro-active application of the alternative, half time method of payment for overtime wages because doing so rewards businesses like Defendant in violating the law, and clearly is contrary to the clear language requiring contemporaneous payment of hte half time payment for overtime wages.

**V. EVEN IF PERMITTING THE DEFENDANT TO USE HALF TIME CFR, 778.114 THE DENOMINATOR MUST BE 40 - NOT A FWW, AS THE SALARY WAS INTENDED TO COVER ONLY 40 HOURS OF WORK**

Defendant 30b6 and Director of North America Operations, and officer,

Tatro testified that the position was never intended to require more than 40 hours of work.  Deposition of Colleen Tatro, P. 84, lines 4-9.  NEXUS Disputes that any BDM would be required to or actually work more than 40 hours.  Therefore, NEXUS intended that the salary would only be to compensate for 40 hours!  Not all hours worked.  Deposition of Tatro P. 164  lines 9-16.  See. *Rodriguez v. Farm Stores Grocery, Inc.,* 518 F.3d 1259 (11th Cir. 2008).

## CONCLUSION

This Court should follow the *Ziegler*, *Costello* and *Hasan* courts for the same reasons rejecting the use of the FWW or half time calculation in this misclassification case, and reject the retroactive application of it as unfair and against public policy. The difference between the FWW (half time) method and the time-and-a-half default method can result in an employee being paid seventy-one percent less for overtime over a given year, and under the FWW method, the effective overtime hourly rate of an employee working sixty-one (61) hours or more is less than the non-overtime hourly rate of an employee who worked no more than forty (40) hours per week. *See Russell*, 672 F.Supp.2d at 1012.  As such, courts have found that assessing damages according to section 778.114 may actually frustrate the purpose of the FLSA. *Perkins v. Southern New Eng. Tel. Co.*, 2011 U.S. Dist. Lexis 109882, *11-12 (D. Conn. Sept. 27, 2011); *In re Texas*

*EZPawn Fair Labor Standards Act Litig.*, 633 F. Supp. 2d 395, 404–05 (W.D. Tex. 2008) (using a hypothetical situation to demonstrate that the FWW may result in overtime compensation that is 375% lower than the traditional method and asserting that using the FWW to calculate damages allows employers to 'escape the time and one-half requirement of the FLSA'). Even the Supreme Court in *Overnight Motor Transp. Co. v. Missel* rejected the idea than an employer could cure its FLSA violation through a fiction that it intended to comply with the law from the outset, noting: "implication cannot mend a contract so deficient in complying with the law." 316 U.S. 572 (citing the Supreme Court in *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739–40 (1981)). Accordingly, Defendant Nexus has not met the spirit nor prerequisites for the FWW to apply. To the extent any factual issues remain, these would be questions of fact for the jury. *Thomas v. Doan Constr. Co.,* No. 13-11853, 2014 U.S. Dist. LEXIS 50093 (E.D. Mich. Apr. 11, 2014).

**WHEREFORE**, Plaintiff, Alicia Brown, respectfully requests that this Court grant Plaintiff's Motion In Limine and preclude the fluctuating work-week method or use of the half time calculation (29 CFR § 778.114) from being used to determine damages, including precluding Defendant from presenting evidence and argument at trial related to the same, and hold as a matter of law that overtime

wages must be paid at rates of one and one half (1.5) times the Plaintiffs' regular rates of pay, the default method under the FLSA for all overtime wages awarded by this Court or Jury.

Dated this 17th day of September, 2020.

/s/ Mitchell L. Feldman
Mitchell L. Feldman, Esq.
Georgia Bar No. 257791
1201 Peachtree Street NE
400 Colony Square, #200
Atlanta, GA  30361
T:  877-946-8293
F:  813-639-9276
Email:  mlf@feldmanlegal.us
*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1, the undersigned certifies that this motion complies with the font and point selections permitted by L.R. 5.1(B). This document was prepared on a computer using the Times New Roman font (14 point).

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2020 a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system. The

CM/ECF system will forward a Notice to all interested parties.

<u>/s/ Mitchell L. Feldman</u>  
Mitchell L. Feldman, Esq.  
Georgia Bar No. 257791